[No. 69177-1. En Banc.]
Argued January 17, 2001. Decided June 21, 2001.

KATHLEEN O'CONNOR, *Individually and as Guardian, Petitioner*, v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Respondent*.

---

896

*Denis W. Stearns, Bruce T. Clark,* and *William Marler* (of *Marler & Clark, L.L.P., P.S.*), for petitioner.

*Christine O. Gregoire, Attorney General, Narda Pierce, Solicitor General,* and *John J. Kirschner* and *Michael P. Lynch, Assistants,* for respondent.

*Stephen H.G. Overstreet* on behalf of Building Industry Association of Washington, amicus curiae.

*Aaron H. Caplan* on behalf of American Civil Liberties Union, amicus curiae.

*Michael J. Killeen* and *Alison P. Howard* on behalf of Allied Daily Newspapers, amicus curiae.

*Jeanne A. Brown* on behalf of Evergreen Freedom Foundation, amicus curiae.

*Larry D. Stout* on behalf of Washington Association of Realtors, amicus curiae.

*Daniel N. Fazio* on behalf of Washington State Farm Bureau, amicus curiae.

*Norm Maleng, Prosecuting Attorney for King County,* and *Oma L. Lamothe, Deputy,* on behalf of Washington Association of Prosecuting Attorneys, amicus curiae.

*Bryan P. Harnetiaux, Stephen K. Festor, Stephen K. Strong,* and *Debra L. Stephens* on behalf of Washington

State Trial Lawyers Association, amicus curiae.

SMITH, J. — Petitioner Kathleen O'Connor seeks direct review of orders of the King County Superior Court denying her request for public records under the public records act from Respondent Washington State Department of Social and Health Services and the Attorney General's Office and directing Petitioner to seek records under the Superior Court Civil Rules for discovery. We granted review. We reverse.

## QUESTION PRESENTED

The question presented in this case is whether the trial court properly required litigants against the Department of Social and Health Services to obtain public records from the agency only under discovery provisions of the Civil Rules for Superior Court instead of under the public records act, RCW 42.17.250-.348.

## STATEMENT OF FACTS

On June 28, 1999 Petitioner Kathleen O'Connor, individually and as guardian ad litem for her son, Dustin O'Connor (Petitioner), filed a summons and complaint in the King County Superior Court against Respondent Department of Social and Health Services (DSHS).[1] The complaint asserts that Dustin O'Connor, then 15 years old, was molested and abused by Kevin Keo, an employee of DSHS, at the Indian Ridge Juvenile Corrections Facility in Snohomish County, Washington during the spring and summer of 1997.[2]

---

[1] Clerk's Papers at 1-15.

[2] Id. at 3-5.

On December 10, 1999 counsel for Petitioner sent a letter addressed to John Kirschner, Assistant Attorney General, requesting under the public records act, RCW 42.17.260, public records of DSHS and "all applicable subsidiary agencies, divisions, or departments within jurisdictions of DSHS."[3] On December 13, 1999 Mr. Kirschner by letter denied Petitioner's public records request.[4] He stated "[a]s this matter is in litigation, the Superior Court Civil Rules apply, not the public records act."[5] On December 14, 1999 Petitioner's counsel responded to Mr. Kirschner's letter indicating the denial letter should have cited a specific exemption under the statute and given a brief explanation for denying the public records request.[6] On December 21, 1999 Mr. Kirschner replied indicating the request for public records was denied because "the public records act was not intended to be used as a discovery tool for pretrial discovery" as indicated in a case previously cited by Petitioner's counsel.[7] On December 27, 1999 Petitioner's counsel responded to Mr. Kirschner's letter stating that DSHS had not identified a specific exemption authorizing withholding of the public records.[8]

On January 4, 2000 Respondent filed in the King County Superior Court a "Motion For Protective Order" under Civil Rule 26(c).[9] The motion stated in part:

---

[3] *Id.* at 34-36.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.* at 52. *See Limstrom v. Ladenburg*, 136 Wn.2d 595, 614 n.9, 963 P.2d 869 (1998).

[8] Clerk's Papers at 54.

[9] *Id.* at 28. CR 26(c) provides in part:

**Protective Orders.** Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the county where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, . . . .

The defendant, Washington State Department of Social and Health Services, moves for a protective order pursuant to CR 26(c) directing the plaintiff and her attorneys to use the Civil Rules for Superior Court and not the public records act (RCW Chapter 42.17) for discovery in this matter, and quashing plaintiff's public records act request dated December 10, 1999.

. . . .

For all of the above reasons, the defendant respectfully asks that this court enter an order quashing plaintiff's public records request relating to plaintiff's lawsuit and order that plaintiff, her attorneys and representatives use the Civil Rules for Superior Court and not the public records act (RCW Chapter 42.17) for discovery in this matter.

DATED This 4th day of January, 2000.

/s/ *John Kirschner, WSBA # 5695*[10]

On January 6, 2000 Petitioner filed "Plaintiffs' Opposition To Defendant's Motion For Protective Order *And* Cross-Motion To Compel And For Mandatory Attorney Fees."[11] On January 12, 2000 Respondent filed a reply.[12] On January 13, 2000 Petitioner filed a reply.[13]

On January 14, 2000, after a hearing on the motions, Judge Donald D. Haley, King County Superior Court, signed an order which read:

THIS MATTER having come on before the undersigned judge on the motion of the defendant Washington State Department of Social and Health Services for a protective order, the defendant being represented by Christine O. Gregoire, Attorney General and John Kirschner, Assistant Attorney General, and the plaintiff being represented by Marler Clark, L.L.P., P.S. and Denis W. Stearns; her attorneys, and the court having reviewed the files and records and the argument of counsel, now, therefore,

IT IS HEREBY ORDERED that the plaintiff's public records

---

[10] *Id.*

[11] *Id.* at 57.

[12] *Id.* at 69.

[13] *Id.* at 80.

act request, dated December 10, 1999, is quashed, and the plaintiff, her attorneys and representatives are ordered not to submit any further public records act requests in this matter and are further ordered to use the Superior Court Civil Rules for discovery in this litigation.

DONE IN OPEN COURT This 14th day of January, 2000.

/s/ *Donald D. Haley*[14]

On January 6, 2000 counsel for Petitioner sent a letter addressed to the Public Information Officer of the Attorney General's Office requesting public records concerning DSHS under the public records act, RCW 42.17.250.[15] The Public Records Information Officer, Ms. Marian Graham, on January 14, 2000 wrote acknowledging the request, indicating she believed she would be able to respond to it within 10 business days.[16] On February 15, 2000 Ms. Graham wrote another letter postponing her response until February 22, 2000.[17] On February 23, 2000 she wrote that she had been made aware of the January 14, 2000 court order directing Petitioner not to submit further public records act requests and ordering Petitioner to use the Superior Court Civil Rules for discovery in this litigation, and that she (Ms. Graham) would thus not provide the records requested on January 6, 2000.[18]

On February 24, 2000 counsel for Petitioner responded to Ms. Graham's letter stating he was not aware the January 14, 2000 Superior Court order applied to their January 6, 2000 public records act request.[19] He then stated "this letter is my formal request that the attorney general review your denial of this request for public records as provided for

---

[14] *Id.* at 111-12.

[15] *Id.* at 123.

[16] *Id.* at 126.

[17] *Id.* at 128.

[18] *Id.* at 130.

[19] *Id.* at 133.

by RCW 42.17.325."[20] On March 10, 2000 Jeffrey C.C. Lane, Senior Assistant Attorney General, denied the request.[21]

On March 6, 2000 Respondent DSHS filed a "Supplemental Motion To Quash Public Records Act Request For Review Of Denial Of Request And Motion For Contempt" in response to Petitioner's public records request to the Attorney General's Office. The motion provided in part:

> The defendant, Washington State Department of Social and Health Services, and the Attorney General's Office ask that this court quash the public records act request made by plaintiff's attorney to the Attorney General's Office by letter dated January 6, 2000, quash the request made by plaintiff's attorney to the Attorney General's Office to review the denial of his public records act request made in his letter of February 24, 2000, and that the court hold the plaintiff and her attorneys in contempt for violating this court's Order Quashing Plaintiff's Public Records Act Request And Directing Plaintiff To Use The Superior Court Civil Rules For Discovery, which was signed in this matter on January 14, 2000.
>
> . . . .
>
> The defendant asks that the court quash the plaintiff's public records act request of January 6, 2000 to the Olympia Attorney General's Office, quash the request by the plaintiff's attorney that the Attorney General review the denial of his January 6 public records act request, hold the plaintiff and/or her attorneys in contempt for violating this court's January 14, 2000 order, and order the plaintiff and/or her attorney to pay all costs and attorneys fees incurred by the Attorney General's Office in responding to the plaintiff's attorney's January 6, 2000 public records act request, pay all costs and attorneys fees incurred in bringing this motion, and pay a fine for contempt of court in an amount to be set by the court.
>
> Dated this 3rd day of March, 2000
>
> /s/ John Kirschner, WSBA # 5695[22]

---

[20] Id.

[21] Id. at 164.

[22] Id. at 134.

On March 13, 2000 Petitioner filed "Plaintiff's Opposition To Supplemental Motion To Quash And Motion For Contempt," arguing that the court's order prohibited her from using the Act to obtain public records from DSHS, but it did not prohibit her from using the Act to obtain public records from other public agencies.[23]

On March 17, 2000, after a hearing on the motions, Judge Haley signed the following order:

> THIS MATTER having come on before the undersigned judge on the motion of the defendant Washington State Department of Social and Health Services, and the Attorney General's Office for an order quashing public records act request, and quashing request for review, and for an order of contempt, the defendant being represented by Christine O. Gregoire, Attorney General and John Kirschner, Assistant Attorney General, and the plaintiff being represented by Marler Clark, L.L.P., P.S. and Denis W. Stearns, her attorneys, and the court having reviewed the files and records and the argument of counsel, now, therefore,
>
> IT IS HEREBY ORDERED that the request, dated January 6, 2000 by plaintiff's attorney, Denis W. Sterns to the Public Information Officer of the Office of the Attorney General in Olympia, Washington, is quashed.
>
> IT IS FURTHER ORDERED that the request by plaintiff's attorney, Denis W. Stearns, contained in his February 24, 2000 letter to Senior Assistant Attorney General Linda Dalton that the Attorney General review Ms. Dalton's decision to deny plaintiff's attorney's January 6, 2000 public records act request, is quashed.
>
> Denied without prejudice to review after a decision on plaintiff's Motion For Discretionary Review.
>
> DONE IN OPEN COURT This 17th day of March, 2000.
>
> /s/ Donald D. Haley[24]

On February 24, 2000 Petitioner filed a motion for

---

[23] *Id.* at 139.

[24] *Id.* at 219-20.

discretionary review with this court.[25] On May 10, 2000 our Commissioner by ruling granted the motion under Rules of Appellate Procedure (RAP) 2.3(b)(2) and 4.2(a)(4).[26]

## DISCUSSION

■ The public records act provides that " '[j]udicial review of all agency actions taken or challenged under RCW 42.17.250 through 42.17.320 shall be de novo.' "[27] "[T]he appellate court stands in the same position as the trial court where the record consists only of affidavits, memoranda of law, and other documentary evidence."[28]

Petitioner makes three assignments of error claiming error by the trial court (1) in entering the order of January 14, 2000 granting Respondent's motion to quash Petitioner's public records act request, enjoining further use of the Act, and directing Petitioner to use only discovery under the Superior Court Civil Rules; (2) in refusing to apply the public records act, chapter 42.17 RCW, and denying sub silentio Petitioner's cross-motion to compel disclosure under the Act and her request for costs, attorney fees and penalties under RCW 42.17.340(4); and (3) in granting Respondent's supplemental motion to quash Petitioner's disclosure request to the Office of the Attorney General and

---

[25] Mot. for Discretionary Review.

[26] Ruling Granting Direct Discretionary Review (May 10, 2000) at 3.

RAP 2.3(b)(2) provides:

If the superior court has committed probable error and the decision of the superior court substantially alters the status quo or substantially limits the freedom of a party to act; . . . .

RAP 4.2(a)(4) provides:

*Public Issues.* A case involving a fundamental and urgent issue of broad public import which requires prompt and ultimate determination.

[27] *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 125 Wn.2d 243, 252, 884 P.2d 592 (1994) (quoting RCW 42.17.340(3)).

[28] *Id.* at 252 (citing *Spokane Police Guild v. Liquor Control Bd.*, 112 Wn.2d 30, 35-36, 769 P.2d 283 (1989)).

quashing her request for administrative review of denial of that request.[29]

## SUPERIOR COURT ORDER (JANUARY 14, 2000)

■ "The public records portion of the public disclosure act, RCW 42.17.250-.348 . . . requires all state and local agencies to disclose any public record upon request, unless the record falls within certain very specific exemptions."[30] The purpose of the public records act is to preserve "the most central tenets of representative government, namely, the sovereignty of the people and the accountability to the people of public officials and institutions."[31]

■ Under the Superior Court Civil Rules "the trial court exercises a broad discretion to manage the discovery process in a fashion that will implement the goal of full disclosure of relevant information and at the same time afford the participants protection against harmful side effects."[32] Protection orders under the Civil Rules are "meant to protect the health and integrity of the discovery process, as much as to protect the parties who participate in it."[33]

Petitioner maintains she has access to public records from Respondent DSHS under both Civil Rules of discovery, CR 26, and the public records act because the public records act does not contain a specific prohibition against disclosure of litigation-related public records.[34]

---

[29] Pet'r's Br. at 1.

[30] *Progressive Animal Welfare Soc'y*, 125 Wn.2d at 250.

[31] *Id.* at 251.

[32] *Rhinehart v. Seattle Times Co.*, 98 Wn.2d 226, 232, 654 P.2d 673 (1982) (pretrial discovery in an action between private parties not involving the public records act).

[33] *Id.* at 231.

[34] Pet'r's Br. at 24-25. Petitioner also maintains her claim that a citizen does not forfeit the right to request public records from a public agency when litigation is pending between the agency, and the citizen is consistent with federal cases interpreting the Freedom of Information Act and cases from other states. *See* Pet'r's Br. at 28-30.

RCW 42.17.310 indicates public records which are exempt under the public records act. RCW 42.17.310(1)(j) provides:

**Certain personal and other records exempt.** (1) The following are exempt from public inspection and copying:

. . . .

(j) Records which are relevant to a controversy[35] to which an agency is a party *but which records would not be available to another party under the rules of pretrial discovery for causes pending in the superior courts.*

(Emphasis added.)

■ ■ Although RCW 42.17.310(1)(j) is awkwardly worded, it is not, however, ambiguous. A plain language interpretation of it is that records relevant to a controversy to which an agency is a party are exempt from public inspection and copying under the public records act if those records would not be available to another party under superior court rules of pretrial discovery. The corollary to this is the records would not be exempt if they are available to another party under superior court rules of pretrial discovery.

In a plurality decision this court in *Limstrom v. Ladenburg* held "that the pretrial discovery rules referred to in RCW 42.17.310(1)(j) are those set forth in the civil rules for superior court, CR 26."[36]

Civil Rule 26(a) provides methods of discovery and indicates that parties may obtain discovery by "depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property, for inspection and

---

[35] *See Dawson v. Daly*, 120 Wn.2d 782, 791, 845 P.2d 995 (1993) ("controversy" in RCW 42.17.310(1)(j) encompasses either anticipated litigation or actual past or present litigation).

[36] *Limstrom v. Ladenburg*, 136 Wn.2d 595, 609, 963 P.2d 869 (1998). Although the decision related to the attorney work product rule under CR 26(b)(4), it nevertheless is authority for the limited statement cited.

other purposes; physical and mental examinations; and requests for admission."[37] Civil Rule 26(b) provides the scope and limits of discovery, indicating in part, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."[38]

The civil rules apply to all lawsuits of a civil nature.[39] Petitioner filed this civil action. She may seek public records from Respondent DSHS under the pretrial rules of discovery but is not precluded from seeking those records under the public records act.[40]

Petitioner claims that if the Legislature intended to provide an exemption for public records available under discovery it would have provided a specific exemption under the Act. Respondent DSHS asks this court to follow the suggestion in *Nast v. Michels* that the decision on access to public records rests in the sound discretion of the trial court under common law unless it is specifically governed by the public disclosure act, RCW 42.17.020.[41] In that case this court held the public disclosure act did not provide access to court case files even though the Act did not provide an exemption prohibiting their disclosure.[42] The court reasoned the common law provided access to court case files;

---

[37] CR 26(a).

[38] CR 26(b)(1).

[39] *See* CR 1 and 2.

[40] *See Limstrom*, 136 Wn.2d at 608-09. "Cases interpreting FOIA [Freedom of Information Act] are relevant when we are interpreting our state act." *Dawson*, 120 Wn.2d at 791-92. The United States Supreme Court has consistently rejected construing the FOIA as a supplement to civil discovery. *United States v. Weber Aircraft Corp.*, 465 U.S. 792, 801, 104 S. Ct. 1488, 79 L. Ed. 2d 814 (1984) (citing *Baldrige v. Shapiro*, 455 U.S. 345, 360 n.14, 102 S. Ct. 1103, 71 L. Ed. 2d 199 (1982); *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 143 n.10, 95 S. Ct. 1504, 44 L. Ed. 2d 29 (1975); *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24, 94 S. Ct. 1028, 39 L. Ed. 2d 123 (1974)).

[41] Br. of Resp't at 14-15. *See Nast v. Michels*, 107 Wn.2d 300, 303-04, 730 P.2d 54 (1986).

[42] *Id*. The public disclosure act refers to chapter 42.17 RCW and the public records act refers to sections 42.17.250-.348 of the public disclosure act. *See Progressive Animal Welfare Soc'y*, 125 Wn.2d at 250.

the public disclosure act (which includes the public records act) did not specifically include courts or court case files in its definitions; and that to interpret the Act to allow access to court case files would undo developed case law protecting privacy and government interests.[43] *Nast* does not aid the position argued by Respondent.

CR 1 provides that the Civil Rules for Superior Court "govern the procedure in the superior court in all suits of a civil nature whether cognizable as cases at law or in equity with the exceptions stated in rule 81. They shall be construed to secure the just, speedy, and inexpensive determination of every action."

CR 5(i) provides:

**Discovery Material Not to Be Filed; Exceptions.** Depositions upon oral examinations, depositions upon written questions, interrogatories and responses thereto, requests for production or inspection and responses thereto, requests for admission and responses thereto, and other discovery requests and responses thereto shall not be filed with the court unless for use in a proceeding or trial or on order of the court.

CR 26 contains general provisions governing discovery and provides, in part:

**(a) Discovery Methods.** Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property, for inspection and other purposes; physical and mental examinations; and requests for admission.

CR 34 provides for production of documents for inspection and other purposes.

Depositions and discovery in civil cases are governed by CR 26-37, which under CR 26(j) incorporates chapter 4.24 RCW relating to access to discovery materials.

. The public records act makes no direct reference to

---

[43] *Id.* at 307.

access to public records by a litigant, but only indirectly refers to it in RCW 42.17.310(1)(j). That subsection refers to "rules of pretrial discovery . . . in the superior courts" which this court has determined are the Civil Rules for Superior Court. Those rules relate to "any matter, not privileged, which is relevant to the subject matter involved."

Petitioner O'Connor claims this court's statement in *Limstrom v. Ladenburg* that "the public records act was not intended to be used as a tool for pretrial discovery" did not recognize or create a statutory exemption under the public disclosure act for litigation-related materials.[44] Actually the quotation is from a footnote. The case it cites is also from a footnote. The statement does not purport to be a ruling by this court.[45]

Respondent maintains the Civil Rules are incorporated into the public records act exemptions by reference to "other statute" in RCW 42.17.260(1).[46] Petitioner to the contrary asserts the Civil Rules are not incorporated into the statute because the rules are not statutes as the word is generally construed.[47]

RCW 42.17.260(1) provides:

> Each agency, in accordance with the published rules, shall make available for public inspection and copying all public records, unless the record falls within the specific exemptions of subsection (6) of this section, RCW 42.17.310, 42.17.315, or other statute which exempts or prohibits disclosure of specific information or records. . . .[48]

The Civil Rules were adopted under RCW 2.04.190, which acknowledges the power of the Supreme Court to promulgate all rules for court pleading, practice and proce-

---

[44] *Limstrom*, 136 Wn.2d at 614 n.9.

[45] *Id.*

[46] Br. of Resp't at 10-11.

[47] Pet'r's Reply Br. at 6.

[48] The specific exemptions referred to, with the exception of RCW 42.17-.310(1)(j), are not relevant to the discussion in this case.

dure, the rules superseding any laws in conflict.[49]

We conclude that the Civil Rules are incorporated into the "other statute" provision of RCW 42.17.260(1), but that does not dictate the conclusion urged by Respondent.[50] We nevertheless conclude that public records from a public agency available to litigants against the agency by discovery under the Civil Rules are not exempt from the public records act under RCW 42.17.310(1)(j). The Civil Rules do not conflict with the public records act. The rules provide that records that are not relevant and privileged are exempt from discovery.[51] The trial court nevertheless was in error in concluding that Respondent DSHS may deny the direct public records request by Petitioner and that Petitioner, as a litigant against DSHS, must seek access to the records under the Civil Rules for discovery.

## SUPERIOR COURT ORDER (MARCH 17, 2000)

Petitioner O'Connor claims the trial court by its order dated March 17, 2000 erred in granting the supplemental motion of Respondent DSHS to quash her January 6, 2000 public records request to the Attorney General's Office and denial of her request for administrative review of the agency's decision.[52] We conclude that order was in error.

## MOTION TO STRIKE

On December 1, 2000 Petitioner filed a motion to strike portions of Respondent's brief based on judicial estoppel. She claims Respondent asserted an inconsistent position in

---

[49] *State v. Johnson*, 105 Wn.2d 92, 96, 711 P.2d 1017 (1986).

[50] *See* RCW 2.04.200 providing:

**Effect of rules upon statutes.** When and as the rules of courts herein authorized shall be promulgated all laws in conflict therewith shall be and become of no further force or effect.

[51] *See* CR 26(b)(1): "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ."

[52] Pet'r's Br. at 1.

its brief when it requested that Petitioner not seek records under the public records act from the Attorney General's Office and then submitted a public records request to the Snohomish County Prosecuting Attorney seeking public records relating to this litigation. There is no inconsistency in Respondent DSHS' brief and Petitioner has not supported her assertion with facts or authority. Because of our decision in this case, we decline to make a ruling on this issue.

## ATTORNEY FEES

■ Petitioner maintains she is entitled to reasonable attorney fees and costs on appeal[53] and asks this court to determine the amount to which she is entitled.[54] RCW 42.17.340(4) directs the court to award attorney fees and costs to any person who prevails against an agency in an action seeking disclosure of public records.[55] Petitioner is entitled to attorney fees or costs because she has prevailed on the principal issue in this case. We therefore grant her request and direct the Clerk of the Court to determine those attorney fees and costs.

## SUMMARY AND CONCLUSIONS

The public records portion of the public disclosure act, RCW 42.17.250-.348, requires all state and local agencies to make available for public inspection and copying "all public records" unless the record falls within certain specific exemptions under the Act. The purpose of the public records act is to preserve the most central tenets of representative government, namely, the sovereignty of the people and the accountability to the people of public officials and institutions.

Specifically exempted from disclosure under RCW

---

[53] *Id.* at 39.

[54] *Id.*

[55] *Amren v. City of Kalama*, 131 Wn.2d 25, 34-35, 929 P.2d 389 (1997).

42.17.310(1)(j) are "[r]ecords which are relevant to a controversy to which an agency is a party but which records would not be available to another party under the rules of pretrial discovery for causes pending in the superior courts." Although awkwardly worded, the statutory provision is not ambiguous. A plain language interpretation of it is that records relevant to a controversy to which an agency is a party are exempt from public inspection and copying under the public records act if those records would not be available to another party under superior court rules of pretrial discovery. The corollary to this is the records would not be exempt if they are available to another party under superior court rules of pretrial discovery.

We conclude in this case that the Superior Court Civil Rules are incorporated into the "other statute" provision of RCW 42.17.260(1), but that public records from a public agency available to litigants against the agency by discovery under the Civil Rules are not exempt from the public records act under RCW 42.17.310(1)(j). The Civil Rules do not conflict with the public records act. The rules provide for discovery of any relevant matter which is not privileged. Although the Superior Court Civil Rules do not conflict with the Act, the trial court nevertheless was in error in its order dated January 14, 2000, which concluded that Respondent DSHS may deny the direct public record request of Petitioner and that Petitioner, as a litigant against DSHS, may seek access to the records only under the Civil Rules of discovery. Our conclusion is the same on the trial court's order dated March 17, 2000 which quashed Petitioner's January 6, 2000 public records request to the Attorney General's Office.

Petitioner is entitled to attorney fees and costs under RCW 42.17.340(4) of the public records act because she has prevailed on the principal issue in this case against DSHS.

We reverse the January 14, 2000 order of the King County Superior Court granting Respondent's motion to quash Petitioner's public records act request to the De-

partment of Social and Health Services, enjoining further use of the Act, and ordering Petitioner to use only the Superior Court Civil Rules for discovery. We also reverse the March 17, 2000 order of the Superior Court granting Respondent's motion to quash Petitioner's public records request to the Attorney General's Office. We grant Petitioner's request for attorney fees and costs and direct the Clerk of the Court to determine those fees and costs.

JOHNSON, MADSEN, BRIDGE, and OWENS, JJ., concur.

CHAMBERS, J. (concurring) — I concur with the majority in result, but I disagree with the majority's conclusion that the civil rules are incorporated into the "other statute" provision of RCW 42.17.260(1).

"The Washington public disclosure act is a strongly worded mandate for broad disclosure of public records." *Hearst Corp. v. Hoppe,* 90 Wn.2d 123, 127, 580 P.2d 246 (1978). Democracy must presume full and complete disclosure and " *'full access* to information concerning the conduct of government on every level must be assured as a fundamental and necessary precondition to the sound governance of a free society.' " *Progressive Animal Welfare Soc'y v. Univ. of Wash.,* 125 Wn.2d 243, 251, 884 P.2d 592 (1994) (PAWS) (quoting RCW 42.17.010(11)). Indeed, the public records act begins with an admonition to public agencies:

> The people of this state do not yield their sovereignty to the agencies that serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may maintain control over the instruments that they have created. The public records subdivision of this chapter shall be liberally construed and its exceptions narrowly construed to promote this public policy.

RCW 42.17.251.

In *In re Rosier,* 105 Wn.2d 606, 717 P.2d 1353 (1986), we interpreted general language in a procedural section of the

act concerning personal privacy to create a general privacy exception. *Id.* at 611-14. In response, the Legislature specifically overturned that holding and explicitly restored:

> the law relating to the release of public records largely *to that which existed prior to the Washington Supreme Court decision in "In re Rosier,"* . . . . The intent of this legislation is to make clear that . . . agencies having public records should rely *only upon statutory exemptions or prohibitions* for refusal to provide public records.

LAWS OF 1987, ch. 403, § 1, at 1546; *PAWS*, 125 Wn.2d at 259. RCW 42.17.260(1) provides, in relevant part:

> Each agency, in accordance with published rules, shall make available for public inspection and copying all public records, unless the record falls within the specific exceptions of subsection (6) of this section, RCW 42.17.310, 42.17.315, or other statute which exempts or prohibits disclosure of specific information or records.

Since *Rosier*, this Court has consistently respected the Legislature's admonition and narrowly construed exceptions to the act. *PAWS*, 125 Wn.2d at 258.

This Court has interpreted the "other statutes" provision before. In *PAWS*, 125 Wn.2d at 262 we said:

> The rule applies only to those exemptions explicitly identified in other statutes; its language does not allow a court "to imply exemptions but only allows specific exemptions to stand". *Brouillet v. Cowles Pub'g Co.*, 114 Wn.2d 788, 800, 791 P.2d 526 (1990).

It is clear the Legislature did not intend to incorporate the civil rules into the "other statute" provision of the act. First and most apparent, the civil rules are not "statutes," as a statute is "[a] law passed by a legislative body." BLACK'S LAW DICTIONARY 1420 (7th ed. 1999). The Court, not the Legislature, adopts the civil rules. Therefore, in most simplistic terms, the civil rules cannot be incorporated into the "other statute" provision of RCW 42.17.260(1).

Second, the civil rules have a purpose entirely different

than that of the act. For example, the civil rules pertaining to discovery include several limitations, i.e., "relevancy," which are inconsistent with the act's purpose of " '*full access* to information concerning the conduct of the government on every level.' " *PAWS*, 125 Wn.2d at 251 (quoting RCW 42.17.010(11)). The two bodies simply cannot be reconciled as one.

Third, it does not "make sense to imagine the Legislature believed judges would be better custodians of open-ended exemptions because they lacked the self-interest of agencies." *Id*. at 259. As evidenced by the Legislature's response to *Rosier*, "it does not want judges any more than agencies to be wielding broad and maleable exemptions," which include the incorporation of other bodies of law into the narrowly construed exemptions of the act. *Id*. at 260.

To hold that the court discovery rules are incorporated within the "other statute" exemption to the act is (a) inconsistent with the majority's result, (b) contrary to the act's broad purpose of public disclosure, (c) contradictory to the specific language of the public disclosure act, and (d) conflicts with established precedent of this Court. I otherwise agree with the majority's holding and concur in its result.

ALEXANDER, C.J., and SANDERS and IRELAND, JJ., concur with CHAMBERS, J.