44 P.3d 909 (2002)
111 Wash.App. 342
Bernard DAINES, and Packet Place, LLC, Appellants,
v.
SPOKANE COUNTY, a political subdivision of the State of Washington, Respondent.
No. 20322-1-III.
Court of Appeals of Washington, Division 3, Panel One.
April 23, 2002.
*911 Cary P. Driskell, Spokane, for Appellants.
Robert B. Binger, Deputy Prosecuting Attorney, Spokane, for Respondent.
*910 SWEENEY, J.
The Public Disclosure Act requires governmental agencies to disclose public records upon request. To trigger the remedial provisions of the act, the suit must be one that could be reasonably regarded as necessary to obtain the records. In this case, Bernard Daines was one of nine plaintiffs in a pending administrative action. In that suit, Spokane County provided discovery of certain e-mails that Mr. Daines now requests in this public disclosure lawsuit. The County initially denied the existence of these records. Upon learning of this mistake, it acknowledged that there were hard copies available and reminded Mr. Daines of the availability of these discovery materials in the other suit. We agree with the trial court that, inasmuch as the records being requested had already been produced, there is no way for the court to effect the remedial purpose of the statute. We also agree that the court had no power to impose Mr. Daines' suggested record-keeping procedures on the County. We affirm the dismissal of the action.

FACTS
In 1997, Bernard Daines was one of nine plaintiffs in Knapp v. Spokane County, an administrative action before the Eastern Washington Growth Management Hearings Board. When the present action was filed, Knapp was on appeal in Thurston County. On September 30, 1997, pursuant to a CR 26 discovery order in Knapp, the County produced e-mails exchanged by the commissioners on the proposed size of the Interim Urban Growth Area.
In February 1999, Mr. Daines submitted a written request under the Fair Campaign Practices Act, chapter 42.17 RCW, popularly referred to as the Public Disclosure Act (PDA). He requested all e-mails written and received by County Commissioners Kate McCaslin and John Roskelley between January 1, 1997 and February 8, 1999, concerning growth management. He did not reference the Knapp action. On March 9, 1999, he asked for copies of all e-mails exchanged by the commissioners with each other between January 1 and April 17, 1997the date the County enacted the Growth Management Act.
The County summarily denied both requests. The County's Chief Civil Deputy wrote to Mr. Daines that no records satisfied his request. The letter explained that e-mail was stored on magnetic discs, which were recycled every five days. Unless the recipient either printed the e-mail or saved it in an electronic in-box, it would be erased. None of the e-mails requested by Mr. Daines had been saved.
In fact, the County follows the state archiving policy of chapter 40.14 RCW (Preservation and Destruction of Public Records), which is to retain hard copies of all e-mails that substantively affect County business. Mr. Daines came across the Knapp materials (the same materials requested here) while reviewing his own files. Armed with the knowledge that the records did exist, he filed this action on May 13, 1999.
On May 24, 1999, the County's trial attorney learned of the lawsuit. He immediately wrote to Mr. Daines, acknowledging that hard copies of some e-mails did exist. He reminded Mr. Daines about the earlier Knapp discovery materials, and he offered to locate any other available records that Mr. Daines might wish to identify.
At trial, Mr. Daines conceded for the sake of argument that the Knapp e-mails are the very items he had requested. He filed this lawsuit to enforce strict compliance with the PDA. He requested (1) an order to produce the e-mails yet again; (2) a statutory per diem penalty and costs for noncompliance; and (3) a declaratory judgment that destroying e-mails after five days violates the public records retention statutes.
*912 The court denied relief for two reasons: the County had already provided the documents, and the request for all e-mails was overly broad. The court also ruled the declaratory judgment act did not empower the court to force the County to change its e-mail retention practices.

I. DID THE COUNTY COMPLY WITH THE PDA REQUEST?
Mr. Daines reasons that the PDA requires full and timely compliance with requests for information. RCW 42.17.290. Any refusal then to comply must cite to a specific exemption. RCW 42.17.310(4). The County has the burden of proving that the e-mails fall under some exemption to the PDA. RCW 42.17.340(1). The County's first response was, therefore, a per se violation. The County responds that Mr. Daines was already in possession of the records at issue. It asserts the defense of actual compliance with the PDA. The County argues that it provided the records in a previous administrative appeal involving the same parties, same issues, and same counsel.
STANDARD OF REVIEW
The withholding of public records by an agency is subject to de novo judicial review. The burden of proof is on the agency to establish that a specific exemption applies. RCW 42.17.340(3), (4); Hearst Corp. v. Hoppe, 90 Wash.2d 123, 130, 580 P.2d 246 (1978). We also review de novo trial court decisions that rest entirely on documentary evidence. O'Connor v. Dep't of Soc. & Health Servs., 143 Wash.2d 895, 904, 25 P.3d 426 (2001).
SCOPE OF PDA
The PDA requires every governmental agency to disclose any public record upon request, unless the record falls within certain very specific exemptions. O'Connor, 143 Wash.2d at 905, 25 P.3d 426. Courts construe the act broadly and its exemptions narrowly. Hearst, 90 Wash.2d at 129, 580 P.2d 246. The PDA is a "`strongly worded mandate for broad disclosure of public records.'" Amren v. City of Kalama, 131 Wash.2d 25, 31, 929 P.2d 389 (1997) (quoting Progressive Animal Welfare Soc'y v. Univ. of Wash., 125 Wash.2d 243, 251, 884 P.2d 592 (1994)). Any written information about the conduct of government is a public record, "regardless of physical form or characteristics." RCW 42.17.020(36); Smith v. Okanogan County, 100 Wash.App. 7, 12, 994 P.2d 857 (2000).
The purpose of the PDA is to keep public officials and institutions accountable to the people. O'Connor, 143 Wash.2d at 905, 25 P.3d 426. The court's task is to give effect to the legislative purpose as expressed in the statute. Spokane Research & Defense Fund v. City of Spokane, 96 Wash.App. 568, 574, 983 P.2d 676 (1999).
REMEDY
If the requesting party prevails, the court may award a penalty against the agency for each day the documents are wrongfully withheld. Also, the prevailing petitioner receives court costs, including reasonable attorney fees. RCW 42.17.340(4); Hearst, 90 Wash.2d at 129, 580 P.2d 246; Wood v. Lowe, 102 Wash.App. 872, 877, 10 P.3d 494 (2000). The minimum penalty award is $5, the maximum $100, for each day that records are withheld. RCW 42.17.340(4); Lowe, 102 Wash.App. at 877, 10 P.3d 494. This penalty is designed to enforce the strong public policies underlying the act. Lowe, 102 Wash.App. at 877-78, 10 P.3d 494. The award is independent of the agency's good or bad faith. Amren, 131 Wash.2d at 36-37, 929 P.2d 389.
PREVAILING PARTY
But the statute provides no remedy for Mr. Daines. He cannot be a "prevailing party" as defined by the act.
To trigger the remedial provisions of the PDA, the action must be one that could "`reasonably be regarded as necessary'" to obtain the records. Coalition on Gov't Spying v. King County Dep't of Pub. Safety, 59 Wash.App. 856, 864, 801 P.2d 1009 (1990) (quoting Miller v. United States Dep't of State, 779 F.2d 1378, 1389 (8th Cir.1985)).
But Mr. Daines concedes that (a) he had the records in his own files before he filed *913 the action, and (b) he knew this. It was precisely this discovery that alerted him that the County's response to his request was false.
In other words, his suit cannot reasonably be regarded as necessary to obtain the information. The remedy provisions of the PDA do not, therefore, extend to this action. The trial court correctly concluded that the PDA did not provide relief to a plaintiff who had the records in hand before the lawsuit was filed.
This interpretation is consistent with the legislative purpose. That purpose is to empower citizens to extract information from reluctant agencies. Here, that purpose would not be served.
EXEMPTIONS
RCW 42.17.310 provides a list of specific exemptions to the disclosure requirements. If an agency denies a PDA request, it must include the specific exemption claimed in its response together with a brief explanation of how the exemption applies. RCW 42.17.310(4). Mr. Daines insists that the County violated the act by mistakenly responding that no records existed. He contends every response must cite one of the specific exemptions. But exemptions are provided for the situation where the agency has the records but says, "we are not going to give them to you." Here, the County said, in effect, "we do not have these records." Ultimately, it turned out that it was wrong. But nonetheless it was not relying on one of the exemptions.
RECORDS ALREADY SENT
Mr. Daines also insists that the statute specifies no exemption for records previously disclosed to the same applicant. This is true. But as we have noted, in order to prevail, the complainant must show that the action was necessary to obtain the information in the first place.
Mr. Daines is correct that an applicant need not exhaust his or her own ingenuity to "ferret out" records through some combination of "intuition and diligent research." Ackerly v. Ley, 420 F.2d 1336, 1342 (D.C.Cir.1969). But the court appropriately denied a cause of action to enforce redisclosure of records known by the complainant to already be in his possession.
In O'Connor, cited by Mr. Daines, the agency unsuccessfully claimed an exemption because it was possible to obtain a court order for the records, not because the records had already been provided. O'Connor, 143 Wash.2d at 906, 25 P.3d 426. The mere fact that a litigant could have obtained agency records under CR 26 did not preclude him or her from seeking those records under the PDA. Id. at 907, 25 P.3d 426. Only records that are protected from discovery under CR 26 need not be produced in response to a PDA request. Id. But O'Connor does not stand for the proposition that a second round of production of the very same records can be demanded under the PDA by a party who has already received the documents under the court rules.
The PDA does not exempt information merely because it is available from another source. Hearst, 90 Wash.2d at 132, 580 P.2d 246. In Hearst, some, but not all, of the requested information was available in other department records of the agency. Id. That is different from what we have here. Here, the "other available sources" were the claimant himself and previous discovery in the files of the administrative board.
II. IS MR. DAINES ENTITLED TO DECLARATORY RELIEF REQUIRING THE COUNTY TO CHANGE ITS DOCUMENT RETENTION POLICY?
Mr. Daines asks us to declare that destroying e-mails after five days violates the state record-keeping provisions outlined in chapter 40.14 RCW. He contends that County training and procedures for retention of hard copies of e-mails is inadequate, and that if e-mails can be permanently destroyed after five days, the PDA is meaningless.
The County responds that the state archivist, not the court, is responsible for establishing standards and procedures for retaining governmental records. The County follows the published procedures in the official state Records Management Manual.
We will not dispense academic opinions on theoretical rights. To invoke the jurisdiction of a court under the declaratory judgment act requires a justiciable controversy. *914 Diversified Indus. Dev. Corp. v. Ripley, 82 Wash.2d 811, 814-15, 514 P.2d 137 (1973). A justiciable controversy is one upon which the court's judgment will have some practical effect. The proceedings must be adversary, not merely argumentative. The petition must be supported by "thorough research and analysis of the major issues." State ex rel. O'Connell v. Dubuque, 68 Wash.2d 553, 558, 413 P.2d 972 (1966). If these elements are lacking, the controversy is an "exercise in academics" in which the court should not participate. Id.
There is no justiciable controversy here. Mr. Daines asked the court to impose itself in a supervisory capacity over the County's office procedures. Even the court's power of mandamus does not authorize the court to assume general control or direction of official executive acts. Walker v. Munro, 124 Wash.2d 402, 407, 879 P.2d 920 (1994). Mr. Daines has no right under chapter 40.14 RCW that a declaratory judgment would secure.
We affirm the decision of the superior court.
WE CONCUR: BROWN, C.J. and KATO, J.