FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

2018 JUL 16 AM 9: 12



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| BRIAN GREEN, | No. 77746-7-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| LEWIS COUNTY, | |
| Respondent. | FILED: July 16, 2018 |

TRICKEY, J. — Brian Green filed a lawsuit seeking a document that the Lewis County Sheriff's Office failed to produce in response to his prior Public Records Act (PRA)[1] request. The Sheriff's Office immediately admitted it had mistakenly omitted the document and violated the PRA. The Sheriff's Office sent Green the responsive document.

The case went to trial to establish the appropriate PRA violation penalty. The trial court awarded Green 25 percent of his reasonable attorney fees and costs and imposed a significantly smaller PRA violation penalty on the Sheriff's Office than Green had requested. Green appeals these awards. Finding no error, we affirm.

## FACTS

On November 19, 2014, Green sent a PRA request to the Sheriff's Office seeking "[a]ny and all official correspondence from the Lewis County Sheriff, his

---

[1] Ch. 42.56 RCW.

deputies, or any member and/or agent of his office endorsing, advocating, commending, recommending, or otherwise recognizing Stephanie S[c]hendel."[2] Later that day, Chief Civil Deputy Stacy Brown responded to Green and asked for clarification of his request. After receiving more information from Green, Chief Brown forwarded a letter of recommendation that she had written for Schendel and told Green that she hoped to have any other responsive documents to him by November 28, 2014.

Chief Brown sent an e-mail to other Sheriff's Office employees seeking additional responsive records, but did not receive any in reply. On November 26, 2014, she notified Green that there were no additional records and closed his PRA request.

On November 17, 2015, Green, representing himself, filed a lawsuit, alleging that the Sheriff's Office violated the PRA by deliberately failing to provide a five-page employment reference questionnaire from the Bellevue Police Department that had been completed by Chief Brown for Schendel.

On November 25, the Sheriff's Office filed an answer to the complaint admitting violation of the PRA. The Sheriff's Office's answer included a declaration from Chief Brown that described her good faith effort to respond to Green's request and her mistake in omitting a single document. The Sheriff's Office appended the omitted responsive document to Chief Brown's declaration. The answer, declaration, and responsive document were sent to Green.[3]

---

[2] Ex. 1 at 3.
[3] Green received the answer and additional documents because he was representing himself. Green obtained an attorney for trial.

2

Green subsequently moved for partial summary judgment. He alleged that the Sheriff's Office had withheld the responsive document as "politically motivated back room quid pro quo between the Lewis County Sheriff's Office and (former) Chronicle reporter Stephanie S[c]hendel."[4] According to Green, Schendel had written a series of "prejudicial media hit pieces" in the Chronicle that reflected badly on Green during his campaign for Lewis County Sheriff.[5] He claimed that the Sheriff's Office provided Schendel with a formal recommendation for employment as a law enforcement officer in Bellevue in exchange for the newspaper articles. Green argued that the Sheriff's Office withheld the "'smoking gun'" evidence, thereby intentionally violating the PRA.[6] The trial court declined to rule on Green's motion for partial summary judgment because the nature of the allegations required a hearing on the facts.

On December 16, 2016, the trial court held a hearing to determine the amount of the penalty to be imposed on the Sheriff's Office for violating the PRA. Green requested a per diem penalty of $80.[7] The trial court found no evidence of the alleged bad faith or conspiracy on the part of the Sheriff's Office. The trial court also found Chief Brown's testimony that her omission of the responsive document was an honest mistake based on her interpretation of the wording of Green's record request to be credible. Additionally, Green stipulated that there was no evidence of either a quid pro quo arrangement or intentional withholding of the

---

[4] Ex. 9 at 1.
[5] Ex. 9 at 2.
[6] Ex. 9 at 1.
[7] The PRA provides a penalty of up to $100 per day for each day that the requesting party is denied the right to inspect or copy the requested public record. RCW 42.56.550(4).

3

responsive document.

The trial court awarded Green 25 percent of his reasonable attorney fees and costs because he prevailed on his PRA violation claim, but not on his bad faith and conspiracy claims. The trial court calculated a $5 per diem penalty for the 369 days between the closure of his PRA request on November 26, 2014 and Green's receipt of the record with the litigation materials on November 30, 2015.

Green appeals.

## ANALYSIS

### Attorney Fees and Costs under the PRA

Green contends that the trial court erroneously awarded only 25 percent of his reasonable attorney fees and costs after he prevailed on his PRA claim. Although Green prevailed on his claim that the Sheriff's Office violated the PRA, he did not succeed on the claims of bad faith and conspiracy that incurred the majority of his attorney fees and costs. As a result, we conclude that the trial court did not err in determining Green's award for attorney fees and costs.

A person who prevails "in any action in the courts seeking the right to inspect or copy any public record" shall be awarded reasonable attorney fees and costs incurred in connection with the legal action. RCW 42.56.550(4). A party may recover attorney fees only for work related to successful issues. O'Neill v. City of Shoreline, 183 Wn. App. 15, 25, 332 P.3d 1099 (2014). A reduced award is appropriate when the plaintiff prevails on only a percentage of the issues. Sanders v. State of Wash., 169 Wn.2d 827, 871, 240 P.3d 120 (2010).

A trial court's decision on an attorney fee award under the PRA is reviewed for abuse of discretion. Sanders, 169 Wn.2d at 867.

Here, Green prevailed on his claim that the Sheriff's Office violated the PRA by failing to produce a responsive document. The Sheriff's Office admitted to this violation at the outset of Green's lawsuit. Under the PRA, Green is entitled to his reasonable attorney fees and costs for prevailing on this claim.

But the majority of Green's litigation costs stemmed from the pursuit of his bad faith and conspiracy allegations. Green did not prevail on these issues, eventually stipulating to a lack of evidence of the alleged quid pro quo. Thus, because Green did not succeed on the claims that comprised a significant portion of the litigation in this case, the trial court did not abuse its discretion by awarding Green only 25 percent of his requested attorney fees and costs.

## PRA Violation Penalty

Green argues that the trial court erred by incorrectly establishing the per diem penalty imposed on the Sheriff's Office for violating the PRA. Specifically, Green claims that the trial court miscounted the number of days and erroneously considered timeliness as both an aggravating and a mitigating factor. We find no error in the trial court's determination of the penalty.

The PRA provides for a penalty against the subject of a PRA request for wrongfully withholding responsive documents. RCW 42.56.550(4). The trial court has discretion to award the requestor "an amount not to exceed one hundred dollars for each day that he or she was denied the right to inspect or copy said public record." RCW 42.56.550(4). When setting the PRA penalty award, the trial

5

court must determine the number of days the requesting party was denied access and then determine the appropriate per day penalty. Yousoufian v. Office of Ron Sims, 168 Wn.2d 444, 459-60, 229 P.3d 735 (2010).

The trial court's determination of the amount of a PRA penalty award is reviewed for abuse of discretion. Yousoufian, 168 Wn.2d at 458.

*Days Without Access*

Green contends that the trial court incorrectly calculated the number of days that he was denied access to the requested record. He argues that the Sheriff's Office did not comply with the statutory requirements of the PRA when it provided the responsive document as part of the litigation. Green also contends that the Sheriff's Office improperly treated him differently from other requestors by supplying the record in this manner. Neither argument is persuasive.

The PRA provides for a penalty for each day that the requestor "was denied the right to inspect or copy" the wrongfully withheld document. RCW 42.56.550(4). When Green received the document as part of the litigation, he was no longer denied the right to inspect or copy the record. Therefore, the PRA penalty period ended on the day the Sheriff's Office provided the record, regardless of the method by which it was provided. The trial court did not abuse its discretion by concluding that the penalty period ended when Green received the record during litigation.

Further, Green's argument that responsive records cannot be properly produced as part of a lawsuit is contradicted by the Supreme Court's treatment of documents produced subsequent to litigation in Sanders. 169 Wn.2d at 849-50. The court determined that the relevant penalty ran from the date of the PRA

request to the date in which the last of the subsequent-production documents were produced as part of the litigation. Sanders, 169 Wn.2d at 871 n.32. In this case, the trial court applied the same approach to calculating the penalty period.

Finally, the PRA does not support Green's claim of disparate treatment. The PRA establishes that "[a]gencies shall not distinguish among persons requesting records, and such persons shall not be required to provide information as to the purpose for the request except to establish whether inspection and copying would violate" statutes which prevent disclosure of specific information to certain persons. RCW 42.56.080. "To violate RCW 42.56.080 . . . the agency must use the requester's identity to deny access to records." City of Lakewood v. Koenig, 160 Wn. App. 883, 891, 250 P.3d 113 (2011), aff'd, 182 Wn.2d 87, 343 P.3d 335 (2014). This prohibition is to prevent agencies from denying PRA requests based on the requestor's identity or purpose. See SEIU Healthcare 775NW v. Dep't of Soc. & Health Servs., 193 Wn. App. 377, 405, 377 P.3d 214 (2016); Koenig, 160 Wn. App. at 891.

Here, the Sheriff's Office did not inquire as to Green's purpose or identity, or deny his PRA request based on his purpose or identity. The Sheriff's Office merely provided the record as part of the litigation process instead of reopening the PRA request. This is not disparate treatment under RCW 42.56.080.

Green's receipt of the relevant record as part of the litigation was not improper. The trial court did not err in setting the date that Green received the document with the answer and supporting declaration from the Sheriff's Office as the end of the penalty period.

7

*Timeliness as an Aggravating Factor and a Mitigating Factor*

Green argues that the trial court erred by considering the Sheriff's Office's timeliness in responding to his PRA request as both an aggravating factor and a mitigating factor when calculating the penalty for the PRA violation. Green proposes that this court adopt a rule that trial courts cannot consider a single factor as both an aggravator and a mitigator. We find no internal inconsistency in the trial court's analysis and decline to adopt Green's proposed rule.

In determining the appropriate penalty for a PRA violation, the trial court must consider aggravating and mitigating factors. Yousoufian, 168 Wn.2d at 466-67. Mitigating factors that may decrease the penalty are

> (1) a lack of clarity in the PRA request; (2) the agency's prompt response or legitimate follow-up inquiry for clarification; (3) the agency's good faith, honest, timely, and strict compliance with all PRA procedural requirements and exceptions; (4) proper training and supervision of the agency's personnel; (5) the reasonableness of any explanation for noncompliance by the agency; (6) the helpfulness of the agency to the requestor; and (7) the existence of agency systems to track and retrieve public records.

Yousoufian, 168 Wn.2d at 467 (footnotes omitted). Aggravating factors that may increase the penalty are

> (1) a delayed response by the agency, especially in circumstances making time of the essence; (2) lack of strict compliance by the agency with all the PRA procedural requirements and exceptions; (3) lack of proper training and supervision of the agency's personnel; (4) unreasonableness of any explanation for noncompliance by the agency; (5) negligent, reckless, wanton, bad faith, or intentional noncompliance with the PRA by the agency; (6) agency dishonesty; (7) the public importance of the issue to which the request is related, where the importance was foreseeable to the agency; (8) any actual personal economic loss to the requestor resulting from the agency's misconduct, where the loss was foreseeable to the agency; and (9) a penalty amount necessary to deter future misconduct by the agency considering the size of the agency and the facts of the case.

Yousoufian, 168 Wn.2d at 467-68 (footnotes omitted). Factors may "overlap." Yousoufian, 168 Wn.2d at 468.

In this case, the trial court considered all of the Yousoufian factors on the record, but on appeal Green objects only to the trial court's consideration of "timeliness" in calculating the PRA penalty. Yousoufian establishes prompt response as a mitigating factor and delayed response as an aggravator. 168 Wn.2d at 467-68. The trial court considered the Sheriff's Office's prompt response to Green's PRA request to be a mitigating factor. But the trial court also noted that the Sheriff's Office failed to provide access to the undisclosed document for over a year, and considered this delay to be an aggravating factor.

The trial court's assessment of timeliness relates to two separate issues—promptness in response and tardiness in delivery of the record. As distinct aspects of the Sheriff's Office's compliance with the PRA, the trial court properly considered them as separate and opposing factors in this case. There is no inherent contradiction in the trial court's use of the Sheriff's Office's initial promptness as a mitigator but overall delay as an aggravator. Thus, we conclude that the trial court did not abuse its discretion by considering both aspects of the Sheriff's Office's performance when calculating the penalty.

### Attorney Fees and Costs on Appeal

Green requests his reasonable attorney fees on appeal as the prevailing party on a PRA violation claim. See RCW 42.56.550(4); Resident Action Council v. Seattle Hous. Auth., 177 Wn.2d 417, 447, 327 P.3d 600 (2013). A party is entitled to attorney fees and costs if he or she prevails on the principal issue of the

case.  O'Connor v. Wash. State Dep't of Soc. & Health Servs., 143 Wn.2d 895, 911, 25 P.3d 426 (2001).

While Green prevailed on his claim that the Sheriff's Office violated the PRA below, he has not prevailed on the issues he has raised on appeal.  Therefore, he is not the prevailing party and is not entitled to his attorney fees and costs on appeal.

Affirmed.

Trickey, J

WE CONCUR: