FILED
COURT OF APPEALS
DIVISION II

2014 JUL 29 AM 11: 37

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| WASHINGTON STATE DEPARTMENT OF TRANSPORTATION, | No. 43859-3-II |
| Appellant, | |
| v. | |
| MARGARITA MENDOZA DE SUGIYAMA, | PUBLISHED OPINION |
| Respondent. | |

JOHANSON, C.J. — We are asked to decide whether information subject to a CR 26(c) protective order is exempt from disclosure under the "controversy exemption" of the Public Records Act (PRA), ch. 42.56 RCW. We hold that records subject to a CR 26(c) protective order in an ongoing civil action, on grounds that they are unduly burdensome for the agency to produce, are nonetheless "available" under the civil rules of pretrial discovery and, thus, are not exempt under the controversy exemption of the PRA. Accordingly, we affirm the trial court's order requiring the Washington State Department of Transportation (DOT) to produce the records and we remand to the trial court to determine attorney fees and costs.

FACTS

I. EMPLOYMENT DISCRIMINATION ACTION

In June 2011, Margarita Mendoza de Sugiyama brought an employment discrimination, whistleblower retaliation, and harassment lawsuit against DOT. Mendoza de Sugiyama made a discovery request, seeking e-mail communications "to, from and/or copied to each of" 12 individuals from 2007 to February 2012. Clerk's Papers (CP) at 82. DOT's information technology specialist identified over 174,000 e-mails that DOT would have to produce to respond to Mendoza de Sugiyama's request. DOT moved for a protective order under CR 26(c), asserting that the request was overly broad, unduly burdensome, and sought confidential and privileged personnel information. Meanwhile, Mendoza de Sugiyama moved to compel DOT to provide the e-mails.

In April 2012, the superior court denied Mendoza de Sugiyama's motion to compel, noting that her request was overbroad and unduly burdensome and that DOT needed "an opportunity . . . to filter the very broad request . . . to identify any e-mail that would be relevant to the case and then produce it." CP at 150. The superior court stated that it had made its April ruling pursuant to "the protective order section," (CR 26(c)) and expressed further that its protective order would need to be amended or rescinded "before any single e-mail must be produced." RP (June 29, 2012) at 16.[1] The superior court denied Mendoza de Sugiyama's motion for reconsideration.

---

[1] Although we found no protective order in the record, the superior court referred to its "protective order" several times in subsequent hearings. Furthermore, Mendoza de Sugiyama and DOT frame their arguments here as if there is a protective order. Accordingly, we assume the existence of the protective order.

## II. PRA REQUEST

The day after the superior court's ruling, Mendoza de Sugiyama made a PRA request for the same 174,000 plus e-mails. Initially, DOT responded that it would produce the documents in phases. But DOT then filed a complaint and petition for declaratory judgment and injunctive relief against Mendoza de Sugiyama, creating a lawsuit separate from the employment litigation.[2] DOT sought (1) a declaration that the superior court's protective order in the employment litigation created a public records exemption for the same records when sought by the same party through the PRA, and (2) temporary and permanent injunctions barring Mendoza de Sugiyama from circumventing the discovery order in the employment action by seeking the same records under the PRA.

DOT argued that the plain language of RCW 42.56.290 exempted the records from disclosure because a superior court had ruled that the records were not discoverable under the civil rules applicable to Mendoza de Sugiyama's preexisting employment action. In response, Mendoza de Sugiyama argued that the PRA gave broad access to government records, that the documents she requested were not exempt under the PRA, and that RCW 42.56.290 and .540 did not apply to discretionary discovery rulings. The court granted DOT's motion, ruling that the 174,000 e-mails are exempt from disclosure under RCW 42.56.290 because its earlier protective order rendered the e-mails "'not available to a party under the rules of pretrial discovery'" and that, therefore, Mendoza de Sugiyama was enjoined from discovering them. Report of Proceedings (RP) (June 29, 2012) at 16.

---

[2] Both cases were assigned to the same Thurston County Superior Court judge.

Mendoza de Sugiyama then brought a CR 59 motion for reconsideration, arguing that *O'Connor v. Department of Social & Health Services*, 143 Wn.2d 895, 25 P.3d 426 (2001), applied, and that the superior court's reasoning was contrary to the PRA and leads to the extraordinary result that Mendoza de Sugiyama becomes the only person in the state that could not obtain the requested records. DOT responded, agreeing that *O'Connor* applied, but argued that it applied in its favor because *O'Connor* only addressed whether discoverable records could be sought through a PRA request and that the court properly applied RCW 42.56.290 in its order.

The superior court agreed with Mendoza de Sugiyama and granted her motion for reconsideration, thereby reversing its earlier ruling, granting the release of the requested information, and denying DOT's request to maintain the injunction it previously ordered. The superior court explained that "the interest of the courts and the citizens of the state in maintaining control of litigation discovery in the employment case . . . does not trump the [broad] mandate of the PRA." RP (Aug. 3, 2012) at 15. The superior court also noted that notwithstanding its ruling, DOT would still be protected in the employment litigation by the trial court's considerable power to determine the admissibility of evidence in that case. Finally, in anticipation that DOT would appeal, the superior court stayed application of its order and maintained the previously issued injunction pending appeal. DOT appeals.

ANALYSIS

DOT argues that (1) RCW 42.56.290's plain language exempts Mendoza de Sugiyama's requested e-mails from public disclosure because they are protected from pretrial discovery in a pending superior court case; (2) when there is a conflict between a court rule and a statute, the court rule, here CR 26, must prevail; and (3) the superior court erred by reasoning that a legislative amendment to RCW 42.56.080 also applied to RCW 42.56.290. Mendoza de

4

Sugiyama contends that the superior court did not err because (1) the PRA must be liberally construed and its exemptions, including RCW 42.56.290, narrowly construed; and (2) DOT in effect asked the superior court here to do what the Supreme Court in *O'Connor* later overturned as inappropriate under the PRA. Mindful of the strong public policy in favor of disclosure under the PRA, we conclude that RCW 42.56.290's controversy exemption does not apply.

## I. STANDARD OF REVIEW

Courts review agency actions under the PRA de novo. RCW 42.56.550(3); *Resident Action Council v. Seattle Hous. Auth.*, 177 Wn.2d 417, 428, 300 P.3d 376 (2013). And we "shall take into account the policy of [the PRA] that free and open examination of public records is in the public interest, even though such examination may cause inconvenience or embarrassment to public officials or others." RCW 45.56.550(3).

## II. PRA

### A. PRA GENERAL PRINCIPLES

Our Supreme Court has consistently reinforced the notion that the PRA "'is a strongly worded mandate for broad disclosure of public records.'" *Soter v. Cowles Pub. Co.*, 162 Wn.2d 716, 731, 174 P.3d 60 (2007) (quoting *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 127, 580 P.2d 246 (1978)). We liberally construe the PRA in favor of disclosure. RCW 42.56.030; *Soter*, 162 Wn.2d at 731. "In the event of conflict between the provisions of [the PRA] and any other act, the provisions of [the PRA] shall govern." RCW 42.56.030.

The PRA requires a government agency to disclose any public record upon request; however, an agency lawfully withholds production of records if one of the PRA's enumerated exemptions applies. RCW 42.56.070(1); *Sanders v. State*, 169 Wn.2d 827, 836, 240 P.3d 120 (2010). The PRA's numerous exemptions protect certain records from disclosure and the PRA

also incorporates any "other statute" that prohibits disclosure of records. RCW 42.56.070; former RCW 42.56.230 (2011); former RCW 42.56.240 (2010); RCW 42.56.250-.260; former RCW 42.56.270 (2011); RCW 42.56.280-.350; former RCW 42.56.360 (2010); RCW 42.56.370-.390; former RCW 42.56.400 (2010); RCW 42.56.403-.410; former RCW 42.56.420 (2009); RCW 42.56.430-.480, .600-.610; *Resident Action Council*, 177 Wn.2d at 432. "The PRA's exemptions are provided solely to protect relevant privacy rights or vital governmental interests that sometimes outweigh the PRA's broad policy in favor of disclosing public records." *Resident Action Council*, 177 Wn.2d at 432. However, we narrowly construe the PRA's exemptions in favor of disclosure. RCW 42.56.030; *Soter*, 162 Wn.2d at 731. And the burden is on the agency to establish that an exemption applies. RCW 45.56.550(1); *Resident Action Council*, 177 Wn.2d at 428.

We must determine whether RCW 42.56.290 applies to exempt records from disclosure under the PRA when a protective order has been entered on the grounds that production of those documents would be unduly burdensome. In doing so, we are mindful that the primary goal of statutory interpretation is to ascertain and give effect to the legislature's intent and purpose. *Yakima County v. Yakima Herald-Republic*, 170 Wn.2d 775, 797, 246 P.3d 768 (2011). This is done by considering the statute as a whole, giving effect to all that the legislature has said, and by using related statutes to help identify the legislative intent embodied in the provision in question. *Yakima Herald-Republic*, 170 Wn.2d at 797.

B.   PRA CONTROVERSY EXEMPTION

RCW 42.56.290 establishes the "controversy exemption," also known as the "litigation exemption." It provides,

> Records that are relevant to a controversy to which an agency is a party but which records would not be available to another party under the rules of pretrial discovery for causes pending in the superior courts are exempt from disclosure under this chapter.

RCW 42.56.290. This is a categorical exemption. *Resident Action Council*, 177 Wn.2d at 455-56. The exemption applies to any materials that would not be discoverable in the context of "'a controversy under the civil rules of pretrial discovery.'" *Soter*, 162 Wn.2d at 731 (quoting RCW 42.56.290). The term "controversy" refers to completed, existing, or anticipated litigation. *Soter*, 162 Wn.2d at 732 (quoting *Dawson v. Daly*, 120 Wn.2d 782, 791, 845 P.2d 995 (1993)).

There is no question that RCW 42.56.290 exempts privileged documents from disclosure under the PRA. Our Supreme Court has held that the controversy exemption applies to the work product doctrine and the attorney-client privilege. *Soter*, 162 Wn.2d at 733-34, 745; *see also Limstrom v. Ladenburg*, 136 Wn.2d 595, 605, 963 P.2d 869 (1998) (the controversy exemption exempts from disclosure "public records which are relevant to a controversy and which are the work product of an agency's attorney").[3]

But here, this case does not involve any privilege. Instead, the issue is whether a protective order resulting from an unduly burdensome discovery request in a separate employment action between the same parties makes the same requested records unavailable within the purview of RCW 42.56.290. In our view, it would be contrary to the intent of the legislature to so hold. This issue appears to be one of first impression in Washington.

---

[3] Our Supreme Court also has held that records covered by the attorney-client privilege are exempt under the PRA because RCW 5.60.060(2)(a), the statutory provision that codifies the privilege, constitutes an "other statute" which prohibits disclosure of specific records. RCW 42.56.070; *Hangartner v. City of Seattle*, 151 Wn.2d 439, 453, 90 P.3d 26 (2004).

C.     INAPPLICABILITY OF "CONTROVERSY" EXEMPTION TO OVERBROAD DISCOVERY REQUEST

Here, the superior court's protective order in Mendoza de Sugiyama's employment litigation action was not based on the work product doctrine nor did the DOT argue that the requested records involve communications between an attorney and client. Instead, the protective order was based on CR 26(c). CR 26(c) gives superior courts the authority to enter protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[4] The superior court's discovery order specifically found that Mendoza de Sugiyama's request was overly broad and unduly burdensome. In making its ruling, the superior court explained,

> The requests would require [DOT] to produce 175,000 emails, which is too many. Therefore, the request is denied. This ruling is not intended to preclude plaintiff from seeking discovery of [electronically stored information (ESI)], either through a collaborative effort with [DOT] to develop and employ key-word search strategies that are tailored to the issues in this case, or through discovery requests that are tailored to the issues in this case and crafted in such a way that [DOT] can reasonably fashion a search strategy designed to gather the ESI plaintiff is seeking in the absence of a collaborative effort.

CP at 157-58.

The superior court did not find that the e-mails "would not be available to another party under the rules of pretrial discovery" as required by the controversy exemption under the PRA. RCW 42.56.290. Instead, the superior court simply denied Mendoza de Sugiyama's discovery request as too broad and unduly burdensome to produce. The superior court stated that "just as it

---

[4] CR 26(c) provides:
> **Protective Orders.** Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the county where the deposition is to be taken may make any order which justice requires to protect a part or person from annoyance, embarrassment, oppression, or undue burden or expense.

seems certain that at least one of the 174,000 e-mails would be protected from discovery and exempt under the PRA, it seems equally certain that at least one of the 174,000 e-mails would, after examination, be discoverable under the civil rules and produceable under the PRA." RP (Aug. 3, 2012) at 11-12. The superior court then suggested ways that Mendoza de Sugiyama could alter her request to make it less broad and less burdensome so that DOT could produce the records relevant to the employment litigation. In doing so, the superior court implied that a narrowly-framed request might render the records available under the rules of pretrial discovery. In this way, it was the scope of Mendoza de Sugiyama's request that violated CR 26, not the content of the material she sought. We consider this a dispositive distinction.

A protective order based on undue burden as opposed to one based on the content of agency records does not implicate the same concerns regarding privacy and vital government interests traditionally recognized by exemptions under the PRA. We are cognizant of the fact that control over pretrial discovery in civil litigation is a vital government interest for our courts; and we are equally aware that allocation of limited agency resources is a vital government interest. But these considerations only sometimes outweigh the PRA's broad policy in favor of disclosing records. *Resident Action Council*, 177 Wn.2d at 433. In our view, this is not one of those times.

Moreover, although DOT understandably is concerned about the time and expense it will incur in processing voluminous records requests, it would have been subject to the same burden had Mendoza de Sugiyama requested these records before any controversy with DOT was reasonably anticipated or had another member of the public made the same request under the PRA. The PRA specifically prohibits agencies from denying requests for public records solely on grounds that the request is overbroad. RCW 42.56.080. Accordingly, the vital government

9

interests at stake here, based essentially on the breadth of the request, do not trump the mandate of the PRA and, therefore, RCW 42.56.290's exemption, which we must construe narrowly, does not apply.

Adopting DOT's position would lead to absurd results. And we endeavor to interpret the PRA specifically to avoid absurd results. *Resident Action Council*, 177 Wn.2d at 431. If we were to accept DOT's position, we would be forced to conclude that the requested agency records are exempt from disclosure either to Mendoza de Sugiyama only (and therefore available to everyone except Mendoza de Sugiyama) or to all of the public, as an automatic result of the protective ruling entered in her employment discrimination action. The narrowest reading of the exemption would have it apply only to Mendoza de Sugiyama. But if this were the case, then DOT arguably would have been required to provide the requested e-mail records to anyone else except for Mendoza de Sugiyama, who is precluded from obtaining potentially relevant public records solely because she initially requested too many e-mails during discovery in her employment litigation. This absurd result would contravene the intent of the legislature in enacting the PRA.

A more reasonable interpretation of the statutory language is that the legislature intended to exempt under the PRA only those records that would not be available to *any* party under universally applicable rules of discovery, rather than those records rendered conditionally unavailable to a specific litigant under the unique facts of a separate civil action. An examination of analogous federal law provides additional support for this position. Our state PRA is modeled after the federal Freedom of Information Act (FOIA). 5 U.S.C. § 552; *Limstrom*, 136 Wn.2d at 608. Because of this fact, we often look to judicial constructions of the FOIA in construing our own statute. *Limstrom*, 136 Wn.2d at 608. One of the FOIA's

10

enumerated exemptions is similar to the PRA's controversy exemption. "Exemption 5" of the FOIA provides that the FOIA does not require disclosure of

> inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.[5]

5 U.S.C. § 552(b)(5). The United States Supreme Court has concluded that "Congress had the attorney's work-product privilege specifically in mind when it adopted Exemption 5." *Nat'l Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S. 132, 154, 95 S. Ct. 1504, 44 L. Ed. 2d 29 (1975).[6] There, the Supreme Court explained that because virtually any document not privileged may be discovered by the appropriate litigant if it is relevant to his litigation, it is reasonable to construe Exemption 5 to exempt only those documents normally privileged in the civil discovery context (including attorney-client and attorney work-product privileges generally available to all litigants). *Sears*, 421 U.S. at 149.

Accordingly, we construe the controversy exemption of the PRA to exempt documents and records like those under the nearly absolute protection of the work product doctrine and those privileged by the existence of an attorney-client relationship. *Soter*, 162 Wn.2d at 733, 745. This reading is consistent with the spirit and purpose of the PRA as a "'strongly worded mandate for broad disclosure of public records.'" *Soter*, 162 Wn.2d at 731 (quoting *Hearst*

---

[5] The court noted that the parties were in agreement that the Exemption 5 "withholds from a member of the public documents which a private party could not discover in litigation with the agency." *Nat'l Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S. 132, 148, 95 S. Ct. 1504, 44 L. Ed. 2d 29 (1975) (citing *Envtl. Prot. Agency v. Mink*, 410 U.S. 73, 85-86, 93 S. Ct. 827, 35 L. Ed. 2d 119 (1973)).

[6] The *Sears* court found that the Senate Report stated that Exemption 5 "'would include the working papers of the agency attorney and documents which would come within the attorney-client privilege if applied to private parties.'" 421 U.S. at 154 (quoting S. REP. NO. 813, 89TH CONG., 1st Sess., 2 (1965)).

*Corp.*, 90 Wn.2d at 127). But DOT argues further that RCW 42.56.290's exemption applies because under its reading of *O'Connor*, any time a superior court enters a protective order under CR 26, those records are "not available to another party under the superior court rules of pretrial discovery." Br. of Appellant at 13. DOT misreads *O'Connor*.

In *O'Connor*, the Supreme Court held that a plain language reading of the controversy exemption indicated that records relevant to a controversy to which an agency is a party are not exempt under former RCW 42.17.310(1)(j) (2000)[7] if they would be available to another party under the civil rules of discovery. 143 Wn.2d at 906. The *O'Connor* court then determined that the superior court erred in finding that O'Connor was precluded from seeking records under the PRA simply because she was a litigant in a controversy against the Department of Social and Health Services. 143 Wn.2d at 907. Instead, O'Connor was entitled to seek public records under either the civil discovery rules or the PRA as long as those records were "available" under the civil rules. *O'Connor*, 143 Wn.2d at 907.

Here, as explained above, the superior court did not determine that the e-mails Mendoza de Sugiyama sought were undiscoverable and thus unavailable under the civil rules, only that her particular request created undue burden. Therefore, as in *O'Connor*, Mendoza de Sugiyama is not precluded from making a PRA request for the same records she sought under the civil rules in her separate employment action.

---

[7] The court in *O'Connor* addressed former RCW 42.17.310(1)(j) which has been recodified as RCW 42.56.290 with nearly identical language. The only difference is that RCW 42.56.290 adds "are exempt from disclosure under this chapter."

12

### III. No Conflict Between PRA and Superior Court Discovery Process

DOT also argues that the PRA should not interfere with a superior court's ability to manage the discovery process to protect against harmful side effects. DOT cites the rule from *City of Fircrest v. Jensen*, 158 Wn.2d 384, 394, 143 P.3d 776 (2006), *cert. denied*, 549 U.S. 1254 (2007), that where there is a conflict between a court rule and a statute concerning a matter related to a court's inherent power, the court rule, here CR 26(c), must prevail. What the *Jensen* court actually said was that "[w]hen a court rule and a statute conflict, the court will attempt to harmonize them, giving effect to both." *Jensen*, 158 Wn.2d at 394. Only when it is impossible to achieve this harmony does the court rule prevail over the conflicting statute. *Jensen*, 158 Wn.2d at 394.

Our Supreme Court has explicitly stated that the PRA and the superior court's civil rules of discovery do not conflict. *O'Connor*, 143 Wn.2d at 912. But even if the two did conflict, we can harmonize them and give them both effect. The language of RCW 42.56.290 itself makes this clear. When records "would not be available" under the civil rules of discovery, those records are exempt under the PRA. RCW 42.56.290. When the records are "available" under the civil rules, they are not exempt from inspection and copying under the PRA. Here, as explained above, the records sought were not declared unavailable under the civil rules of discovery. In this way, the civil rules and the PRA can operate in tandem. The Supreme Court has continuously protected the PRA's purpose of open government in applying its disclosure requirements broadly, *Resident Action Council*, 177 Wn.2d at 432, and it has determined that

13

there is no conflict between the PRA and the civil rules. *O'Connor*, 143 Wn.2d at 912. We conclude the same here.[8]

We are mindful that we must read the PRA broadly and its exemptions narrowly. We acknowledge that reasonable minds might differ and reasonable minds might hold that the government's interest in conducting its trials and handling discovery is a vital government interest that outweighs the interests of public disclosure under the PRA. The primary goal of statutory interpretation, however, is to ascertain and give effect to the legislature's intent and purpose. *Yakima Herald-Republic*, 170 Wn.2d at 797. Considering the PRA's policy of broad disclosure, we conclude that public records should not be exempt under the PRA merely because producing the records is unduly burdensome. Therefore, the superior court was correct in ruling that DOT must release the e-mails in response to Mendoza de Sugiyama's PRA request even though the same information was subject to a CR 26(c) protective order.[9]

## IV. ATTORNEY FEES

Mendoza de Sugiyama requests costs as the prevailing party and attorney fees pursuant to RCW 42.56.550(4). It provides,

---

[8] DOT also argues that the superior court erred in ordering that it must release the e-mails under the PRA because the superior court erroneously relied on a 2005 amendment to another section of the PRA that does not apply to RCW 42.56.290. But because our review is de novo, we do not review the superior court's reasoning. So whether the superior court employed flawed reasoning in reaching its decision is immaterial.

[9] We do not address whether other PRA exemptions would apply to specific records sought by Mendoza de Sugiyama pursuant to a PRA request.

No. 43859-3-II

Any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action. In addition, it shall be within the discretion of the court to award such person an amount not to exceed one hundred dollars for each day that he or she was denied the right to inspect or copy said public record.

RCW 42.56.550(4). Under the PRA, an award of costs and fees against an agency who wrongfully withholds records is mandatory. *Yousoufian v. Office of Ron Sims*, 152 Wn.2d 421, 433, 98 P.3d 463 (2004) (quoting *King County v. Sheehan*, 114 Wn. App. 325, 355, 57 P.3d 307 (2002). Here, however, there has not yet been a disclosure of the records Mendoza de Sugiyama was seeking, which is a prerequisite to an award of attorney fees. *O'Neill v. City of Shoreline*, 170 Wn.2d 138, 152, 240 P.3d 1149 (2010). Anticipating appeal to this court, the trial court stayed application of its order requiring DOT to produce the subject e-mails under the PRA. As a result there has been no actual determination that the PRA was violated; the superior court ruled only that RCW 42.56.290 did not bar the production of the records.

There is still the possibility that other PRA exemptions apply to the information contained in the e-mails. Any award of fees and costs relates only to that which is disclosed and not to any portion of the request found to be exempt. *Limstrom*, 136 Wn.2d at 617. In determining the amount of the award, the principal factor to be considered is the existence or absence of bad faith on the part of the agency. *Limstrom*, 136 Wn.2d at 616. Accordingly, because that determination necessitates fact finding, we remand to the trial court to make an award of costs and fees to Mendoza de Sugiyama under RCW 42.56.550(4).

15

No. 43859-3-II

We affirm and remand.

_Johanson, C.J._
JOHANSON, C.J.

I concur:

_Maxa, J._
MAXA, J.

16

BJORGEN, J. (dissenting) — While engaged in litigation with the Washington State Department of Transportation (WSDOT), respondent Mendoza de Sugiyama made a discovery request for over 174,000 e-mails in WSDOT's e-mail system. The superior court ruled that her request was overbroad and unduly burdensome, denied her motion to compel and granted WSDOT a protective order under CR 26(c). The respondent immediately requested the same records from WSDOT under the Public Records Act (PRA), chapter 42.56 RCW. Neither the terms nor the purposes of the PRA allow its use as such a blunt and destructive circumvention of the processes of superior court. Therefore, I dissent from the majority's approval of respondent's stratagem.

This appeal is controlled by RCW 42.56.290, which states that

[r]ecords that are relevant to a controversy to which an agency is a party but which records would not be available to another party under the rules of pretrial discovery for causes pending in the superior courts are exempt from disclosure under this chapter.

A discovery protective order is authorized by and implements CR 26(c), which itself is a rule of pretrial discovery. The effect of a protective order is to prohibit or limit certain types of discovery, thus making the matters requested unavailable (or conditionally available) under the rules of pretrial discovery. *See* CR 26(c)(1)-(8). A protective order may be issued to protect a party from undue burden. CR 26(c). Therefore, the records subject to the protective order issued by superior court in this matter were not available to the respondent under the rules of pretrial discovery. With that, they were exempted from disclosure by the plain language of RCW 42.56.290.

The majority contends that this exemption only covers certain categories of records, such as work product and privileged communications. This approach, however, quickly mires itself in self-contradiction. Under it, a record outside of these categories which is subject to a protective order under CR 26(c) would necessarily be unavailable under the rules of pretrial discovery for purposes of the protective order, but available under the rules of pretrial discovery for purposes of RCW 42.56.290. Unless Aristotle's rule of the excluded middle[10] has been rescinded, that is not logically possible.

More importantly, the cases cited do not support the majority's position. The issue faced by *O'Connor v. Washington State Department of Social & Health Services*, 143 Wn.2d 895, 25 P.3d 426 (2001), was whether a party in litigation with a public agency may use the PRA to obtain records from the agency or whether it must proceed under the discovery provisions of the Civil Rules. *O'Connor*, 143 Wn.2d at 898. In deciding that a party is not prohibited from using the PRA, our Supreme Court was not confronted with and did not decide the issue presented here: whether the PRA may be used by a litigant to frustrate a discovery order binding that litigant. Similarly, the issue in *Soter v. Cowles Publishing Company*, 162 Wn.2d 716, 731-32, 174 P.3d 60 (2007), was whether requested documents were exempt as work product or privileged information under RCW 42.56.290. The court's analysis, consequently, focused on CR 26(b) and the meaning of those concepts. Its conclusion that the documents were work product or privileged and therefore exempt under RCW 42.56.290 in no way implies that the exemption is restricted to those categories.

---

[10] *See* Alain Badiou, *The Three Negations*, 29 CARDOZO L. REV. 1877, 1878-79 (2008).

Allowing this bold and unmistakable circumvention of the rules of superior court also runs counter to this court's reasoning in *Evergreen Freedom Foundation v. Locke*, 127 Wn. App. 243, 110 P.3d 858 (2005). There, the trial court had ordered that

> "[a]ll current and future public disclosure requests and related communications regarding the 7E7 Project and Master Agreement from [Evergreen F.F.] must be transmitted through [Evergreen F.F.'s] counsel to Defendant's counsel for review for consistency, to provide an opportunity for clarification, to reduce the multiplicity and duplicative requests, and to alleviate the substantial and irreparable damage to vital governmental functions and impact on limited staff resources for the responding agency. . . . For new public records requests, the Defendants' time period to respond under RCW 42.17 begins after this review process is completed and on the date that the Defendant agency receives the request.

*Evergreen Freedom Found.*, 127 Wn. App. at 251. We upheld this order, as long as it was limited to the litigation, holding that

> this order was clearly a case management tool. And a court reviewing a PDA ruling will not "interfere with trial courts' *litigation* management decisions." *Brouillet v. Cowles Publ' g Company,* 114 Wn.2d 788, 801, 791 P.2d 526 (1990) (emphasis added). The record reveals that multiple people from [Evergreen F.F.] were making requests to the Department for documents and that responding to [Evergreen F.F.'s] requests consumed a significant portion of staff time and resources. Thus, the court acted within its discretion by imposing a mechanism to better manage [Evergreen F.F.'s] disclosure requests *during the litigation.*

*Evergreen Freedom Found.*, 127 Wn. App. at 252.

The specific holding in *Evergreen Freedom Foundation* is not of great precedential gravity here, since the court orders at issue were different. The opinion's rationale, however, is persuasive in resolving this appeal, since the order here at issue is also an exercise of the trial court's litigation management authority, the same authority to which the *Evergreen* court deferred . Under *Evergreen*, the respondent should not be allowed to use the PRA to thwart the court's authority to manage litigation before it, especially when that authority is carried out in close conformance with the Civil Rules.

No. 43859-3-II

The plain language of RCW 42.56.290 exempts material that is unavailable under the rules of pretrial discovery, one of which is CR 26(c) authorizing protective orders. Simply following this plain language would baffle the respondent's attempt to frustrate valid discovery orders of the superior court. For these reasons, I would reverse.

BJORGEN, J.