# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| KEVIN ANDERSON, | No. 47660-6-II |
| Appellant, | |
| v. | |
| DEPARTMENT OF SOCIAL AND HEALTH SERVICES, DIVISION OF CHILD SUPPORT, | PUBLISHED OPINION |
| Respondent. | |

SUTTON, J. — Kevin Anderson, a noncustodial parent, appeals the superior court's summary judgment order dismissing his claim that the Department of Social and Health Services, Division of Child Support (DCS) violated the Public Records Act (PRA)[1] when it withheld and redacted child support records and withheld an attorney-client email string. Anderson argues that the superior court erred in ruling that child support records were categorically exempt from disclosure under RCW 26.23.120(1) and that the attorney-client privilege precluded disclosure of certain emails. Anderson requests attorney fees and costs on appeal under RAP 18.1 and RCW 42.56.550(4).

We hold that RCW 26.23.120, which governs child support records, falls within the "other statutes" exemption under RCW 42.56.070(1) of the PRA and is consistent with the PRA. We

---

[1] Chapter 42.56 RCW.

further hold that the email string is protected under attorney-client privilege and is exempt from disclosure under RCW 5.60.060(2)(a).[2] Because DCS's responses were proper and DCS did not violate the PRA, there is no basis for a PRA penalty and the superior court properly granted summary judgment dismissing Anderson's PRA claim against DCS. We affirm.

FACTS

I. ANDERSON'S PRA REQUEST FOR CHILD SUPPORT CASE RECORDS

On July 1, 2013, Anderson submitted a public records request to DCS. Anderson requested several child support records, including (1) his "complete case comment history printout"[3] and (2) "[a] copy of the e-mail sent from Judy Rupo[4] [sic] to King County Prosecutor's Office on 3/10/10 regarding my case." Clerk's Papers (CP) at 171.

DCS responded to Anderson's request on July 12, 2013, advising him that DCS records are "private and confidential" under RCW 26.23.120 and that it would take approximately 45 days to research, prepare, and provide responsive documents. CP at 166. On September 11, DCS further responded to Anderson's request, producing his case comment records, an exemption log, and a key explaining the exemptions DCS relied upon for each redaction. DCS explained that, because the information was exempt from disclosure under RCW 26.23.120 and Anderson did not

---

[2] The legislature amended RCW 5.60.060 in 2016. Laws of 2016, ch. 24, § 1. This amendment did not change subsection (2)(a). Accordingly, we cite to the current version of the statute.

[3] A "case comment history" is a compilation of the case notes associated with a given DCS case. CP at 163.

[4] Judy Roppo is a child support enforcement officer with DCS.

have a court order or the custodial parent's consent, it had redacted the custodial parent's confidential information from the case comments. DCS also explained that it had redacted other private or confidential information related to the custodial parent's address and contact information.[5] DCS further explained that the email string between Roppo and the King County Prosecuting Attorney's Office was a protected attorney-client communication under RCW 5.60.060. DCS again informed Anderson that DCS records were private and confidential under RCW 26.23.120 and that he could file an administrative appeal of any denial of disclosure with the Economic Services Administration (ESA) within the Department of Social and Health Services.

Anderson filed an administrative appeal with the ESA challenging DCS's responses to his PRA request. He asked DCS to clarify the specific exemption claimed for the email sent from Roppo. DCS responded that "the email is being withheld under RCW 5.60.060(2)(a)," the attorney-client privilege, and affirmed its initial withholding. CP at 195.

## II. ANDERSON'S PRA COMPLAINT

While Anderson's administrative appeal was pending, he filed a PRA complaint in Pierce County Superior Court alleging that DCS's responses to his July 1, 2013 records request violated the PRA. His complaint did not mention the case comment redactions DCS provided to him in

---

[5] RCW 26.23.120; RCW 74.04.060, .062; WAC 388-14A-2107, -2135.

September 2013.[6]  It appears that Anderson first raised concerns regarding the redactions in discovery requests filed in January 2015.

A.  DISCOVERY

After receiving Anderson's January 2015 discovery requests, DCS reviewed the case comment history provided to Anderson in September 2013 and produced a revised case comment history in February 2015.  In its cover letter, DCS again informed Anderson that "all DCS records, including the case comments history that you requested are exempt from production under the PRA and may be disclosed only under RCW 26.23.120 and related rules."  CP at 236.  DCS also stated that "records and information in the case comment history have been redacted where you are not the subject of or did not provide the information."  CP at 236.

B.  SUMMARY JUDGMENT MOTIONS

Prior to receiving the revised case comment history, Anderson filed a motion asking the superior court to rule that DCS's response to his July 1, 2013 request violated the PRA.  In response to Anderson's motion, DCS filed a cross-motion for partial summary judgment, citing to RCW 26.23.120 as the governing statute not the PRA.  The superior court denied both motions, stating that DCS's motion was untimely but that it could move for summary judgment at a later date.

C.  WITHHOLDING OF THE ATTORNEY-CLIENT PRIVILEGED EMAIL COMMUNICATIONS

In an attempt to resolve the outstanding issues, DCS sent a letter to Anderson in March 2015 explaining the reasons for the redactions in Anderson's case comments and identifying RCW

---

[6] Anderson's complaint focused on, among other things, the email between DCS and the King County prosecutor's office.  There was, however, no mention of the case comment redactions provided in September 2013 in Anderson's complaint.

26.23.120 as the statutory authority for the redactions. DCS also provided a redacted copy of the email string between Roppo and the prosecutor[7] and explained that the email string was exempt from disclosure under the PRA because it was a privileged attorney-client communication under RCW 5.60.060(2).

D. DCS's SECOND SUMMARY JUDGMENT MOTION

On April 8, 2015, DCS filed a second motion for summary judgment, requesting dismissal of Anderson's PRA claims as a matter of law because RCW 26.23.120, not the PRA, governed disclosure of child support records. The superior court granted summary judgment in favor of DCS, dismissing Anderson's PRA claims. In its written order, the superior court ruled that Anderson's request for his case comment history was not disclosable under the PRA and that it was "being exempt[ed] from disclosure by RCW 26.23.120(1)."[8] CP at 58. The superior court also ruled that the requested email string between Roppo and the King County prosecutor was "protected from disclosure by attorney/client privilege, RCW 5.60.060(2)." CP at 58.

Anderson appeals the superior court's ruling on the case comment history and on the Roppo/King County prosecutor email string.

ANALYSIS

Anderson argues that the superior court erred in granting summary judgment and dismissing his PRA claim. We hold that RCW 26.23.120, which governs the disclosure of child

---

[7] The email string showed the sender and recipient of each email, but DCS withheld the contents of the emails.

[8] The superior court's ruling also addressed Anderson's other PRA requests which are not before this court on appeal.

support records, falls within the "other statutes" exemption under RCW 42.56.070(1) of the PRA; that RCW 26.23.120 supplements and is consistent with the PRA; that, because DCS's responses to the records request were proper, it did not violate the PRA; and that the email string is a protected attorney-client communication exempt from disclosure under RCW 5.60.060(2)(a). Thus, the superior court did not err in granting summary judgment and dismissing Anderson's PRA claim.

## I. STANDARDS OF REVIEW

We review agency actions under the PRA de novo, taking into account the PRA's policy that "free and open examination of public records is in the public's interest, even [though] examination may cause inconvenience or embarrassment." *Neighborhood Alliance of Spokane County v. County of Spokane*, 172 Wn.2d 702, 715, 261 P.3d 119 (2011); RCW 42.56.550(3). Summary judgment orders are also subject to de novo review, and we construe the facts in the light most favorable to the non-moving party. *Sanders v. State*, 169 Wn.2d 827, 844-45, 240 P.3d 120 (2010). Summary judgment is appropriate when there are no genuine issues of material fact[9] and the moving party is entitled to judgment as a matter of law. *Sanders*, 169 Wn.2d at 844.

## II. CHILD SUPPORT RECORDS, RCW 26.23.120

### A. THE PUBLIC RECORDS ACT – LEGAL PRINCIPLES

We first address whether RCW 26.23.120 falls within the "other statutes" exemption under RCW 42.56.070(1) of the PRA. This is an issue of statutory interpretation. We review questions of law and statutory construction de novo. *Wright v. Dep't of Soc. & Health Servs.*, 176 Wn. App.

---

[9] The parties do not dispute any of the facts underlying the case. Anderson merely argues that the court misinterpreted and misapplied the PRA and RCW 26.23.120 to DCS's disclosure and production of the requested documents.

585, 594, 309 P.3d 662 (2013). When a statute is unambiguous, we look to a statute's plain language alone to determine the legislature's intent. *Wright*, 176 Wn. App. at 594.

"The PRA is a strongly worded mandate for broad disclosure of public records." *Neighborhood Alliance*, 172 Wn.2d at 714. "'The general purpose of the exemptions to the [PRA's] broad mandate of disclosure is to exempt from public inspection those categories of public records most capable of causing substantial damage to the privacy rights of citizens.'" *Deer v. Dep't of Soc. & Health Servs.*, 122 Wn. App. 84, 90, 93 P.3d 195 (2004) (quoting *Limstrom v. Ladenburg*, 136 Wn.2d 595, 607, 963 P.2d 869 (1998)). Because the PRA mandates broad public disclosure, we liberally construe the PRA in favor of disclosure and narrowly construe its exemptions. *White v. Clark County*, 188 Wn. App. 622, 631, 354 P.3d 38 (2015), *review denied*, 185 Wn.2d 1009 (2016). There are three sources of PRA exemptions, (1) the PRA itself, (2) the "other statutes" exemption, and (3) the Washington Constitution. *White*, 188 Wn. App. at 630-31.

The PRA generally does not allow withholding of public records in their entirety. Instead an agency subject to the PRA must segregate individual records and must withhold only those portions of the records that fall under a specific exemption. *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 125 Wn.2d 243, 261, 884 P.2d 592 (1994) (*PAWS II)*. The agency bears the burden to establish that an exemption to production applies. RCW 42.56.550(1); *Sargent v. Seattle Police Dep't*, 179 Wn.2d 376, 385-86, 314 P.3d 1093 (2013).

B.  OTHER STATUTES EXEMPTION TO THE PRA

        "The 'other statutes' exemption, [RCW 42.56.070(1)], incorporates into the [PRA] other statutes which exempt or prohibit disclosure of specific information or records."[10] *PAWS II*, 125 Wn.2d at 261-62.  The "other statutes" exemption supplements the PRA when the statute in question is not in conflict with the PRA; if there is a conflict between the PRA and the other statute(s), the PRA governs.  RCW 42.17.920; *PAWS II*, 125 Wn.2d at 261-62.

        RCW 26.23.120(1) expressly provides,

> Any information or records concerning individuals who owe a support obligation or for whom support enforcement services are being provided which are obtained or maintained by the Washington state support registry, the division of child support, or under chapter 74.20 RCW *shall be private and confidential and shall only be subject to public disclosure as provided in subsection (2) of this section.*

(Emphasis added.)  DCS argues that RCW 26.23.120(1) falls within the "other statutes" exemption to the PRA.  We agree with DCS.

        Under RCW 26.23.120(1), child support records, although private and confidential, are subject to public disclosure only as provided in RCW 26.23.120(2).  RCW 26.23.120(2) permits the DCS secretary to adopt rules regarding disclosure and confidentiality, and requires the DCS secretary to "provide for disclosure of the information and records, under appropriate

---

[10] RCW 42.56.070(1) provides, "Each agency, in accordance with published rules, shall make available for public inspection and copying all public records, unless the record falls within the specific exemptions of subsection (6) of this section, this chapter, or other statute which exempts or prohibits disclosure of specific information or records.  To the extent required to prevent an unreasonable invasion of personal privacy interests protected by this chapter, an agency shall delete identifying details in a manner consistent with this chapter when it makes available or published any public record; however, in each case, the justification for the deletion shall be explained fully in writing."  (Reviser's note omitted.)

circumstances." RCW 26.23.120(2)-(3).[11] Other statutes, like RCW 13.50.100(2),[12, 13] contain similar language that protect information designated as confidential by statute while providing for public disclosure under appropriate circumstances. In *Wright* and *Deer*, we addressed whether RCW 13.50.100(2), falls within the "other statutes" exemption to the PRA, and we find our analysis instructive here.

Similar to RCW 26.23.120(1), RCW 13.50.100(2) expressly provides that juvenile justice and care records "shall be confidential and shall be released only pursuant to this section and RCW 13.50.010." *See Wright*, 176 Wn. App. at 596-97; *Deer*, 122 Wn. App. at 91-92. Additionally, RCW 13.50.010 provides that "[e]ach juvenile justice or care agency shall implement procedures consistent with the provisions of this chapter to facilitate inquiries concerning records," and sets out several additional provisions addressing how individuals could challenge the juvenile justice's or care agency's decision. RCW 13.50.010(4)-(7).

In *Wright* and *Deer*, we held that the language in chapter 13.50 RCW provides an exception to the general rule that all public records are subject to disclosure, and that this disclosure statute

---

[11] Anderson argues that RCW 26.23.120(7) negates DCS's argument that RCW 26.23.120 solely governs disclosure of child support records. RCW 26.23.120(7) provides, "Nothing in this section shall be construed as limiting or restricting the effect of RCW 42.56.070(9). Nothing in this section shall be construed to prevent the disclosure of information and records if all details identifying an individual are deleted or the individual consents to the disclosure." Anderson misconstrues the meaning by divorcing the first sentence from the second sentence because the statutory provisions should be read together along with other provisions of the PRA. *C.J.C. v. Corp. of Catholic Bishop of Yakima*, 138 Wn.2d 699, 708, 985 P.2d 262 (1999). His argument fails.

[12] Ch. 13.50 RCW – Keeping and Release of Records by Juvenile Justice or Care Agencies.

[13] The legislature amended RCW 13.50.100 in 2014 and 2013. Laws of 2014, ch. 175, § 8; Laws of 2013, ch. 23, § 7. These amendment did not change subsection (2). Accordingly, we cite to the current version of the statute.

was consistent with the purpose of the PRA, "resolv[ing] the potential conflict between the disclosure of juvenile records and [privacy concerns]." *Deer*, 122 Wn. App. at 91; *Wright*, 176 Wn. App. at 597-98. Because RCW 13.50.100(2) expressly provides that juvenile justice and care records "shall be confidential and shall be released only pursuant to this section and RCW 13.50.010," we concluded that the agency's responses did not violate the PRA and that a PRA penalty was not appropriate. *See Wright*, 176 Wn. App. at 596-97; *Deer*, 122 Wn. App. at 91-92.

RCW 26.23.120 likewise provides an exception to the general rule that all public records are subject to disclosure which furthers "the [PRA's] policy of allowing access to records held by government agencies but simultaneously protects the privacy of [custodial and non-custodial parents and their dependent minor children]." *Deer*, 122 Wn. App. at 93. Thus, we hold that RCW 26.23.120(1) falls within the "other statutes" exemption under RCW 42.56.070(1) of the PRA and is consistent with the PRA.

C. DCS'S RESPONSES TO THE REQUEST FOR CASE COMMENT HISTORY

Anderson argues that DCS's explanations for its redactions to the case comment history were inadequate. But in responding to Anderson's PRA request, as explained above, DCS followed the confidentiality provisions of RCW 26.23.120(1), an "other statutes" exemption under the PRA. DCS provided records and information about Anderson's own child support case, including a case comment printout and redacted confidential identifying information about the

mother and children in the child support records as required under RCW 26.23.120(1). Thus, DCS's responses and explanations for its redactions were proper.[14]

### III. ATTORNEY-CLIENT EMAIL WITHHOLDING

Anderson also argues that DCS's withholding and redacting an email string between Roppo and the King County prosecutor's office violates the PRA because the email was not exempt from disclosure. We hold that the email string as redacted is a protected attorney-client communication exempt from disclosure under RCW 5.60.060(2)(a).[15]

In child support cases, the attorney general or prosecuting attorney represents DCS when DCS initiates or appears as a party to a child support action; thus, the prosecutor's office represents DCS as a client. *See* RCW 74.20.220. Communication between a state agency and the

---

[14] Anderson also argues that DCS violated the PRA by (1) citing to multiple authorities to explain its redactions to his case comment history and (2) initially withholding Anderson's garnishment information contained in his case comment history and then producing the garnishment information after he filed the PRA lawsuit. He argues that this delay from July 1, 2013 until February 6, 2015 subjects DCS to a PRA penalty.

DCS cited the proper statutory authority for each of its redactions to the case comment history. Although DCS attached a list of 11 possible justifications for the redactions to the case comment history, it tied each redaction to a specific justification. To the extent DCS cited multiple statutes and regulations within each justification, each of those citations exempted the same type of confidential information and explained the basis for its redactions based on this authority. Thus, Anderson does not show that DCS's citing to multiple authorities was improper.

Anderson also argues that garnishment information contained in the case comment history was wrongfully withheld in violation of the PRA as demonstrated by DCS's later production of this information. But, as analyzed above, DCS's responses were proper under RCW 26.23.120 and cannot be the basis for a PRA penalty regardless of when disclosure occurred.

[15] RCW 5.60.060(2)(a) provides,

> An attorney or counselor shall not, without the consent of his or her client, be examined as to any communication made by the client to him or her, or his or her advice given thereon in the course of professional employment.

prosecutor's office seeking advice is protected attorney-client communications and is not disclosable under the PRA. *See Kleven v. King County Prosecutor*, 112 Wn. App. 18, 24-25, 53 P.3d 516 (2002); *West v. Dep't of Nat. Res.*, 163 Wn. App. 235, 246-47, 258 P.3d 78 (2011); RCW 5.60.060(2), (5).

In response to Anderson's records request, DCS disclosed the existence of the email string between Roppo, a DCS employee, and the deputy prosecutor, but it redacted the contents of the email string. The opening email from Roppo asks the deputy prosecutor to review Anderson's case because DCS is seeking legal advice about the case.

This email string is a privileged attorney-client communication between DCS and the King County prosecutor and is exempt from disclosure under RCW 5.60.060(2). DCS's responses in providing a redacted copy and explaining its redactions were proper. Thus, we hold that the superior court did not err when it found that the email string was protected from disclosure as attorney-client privilege under RCW 5.60.060(2).[16]

## ATTORNEY FEES

Finally, Anderson argues that, as a prevailing party, he is entitled to attorney fees and costs on appeal under RAP 18.1 and RCW 42.56.550. Because he is not the prevailing party, we deny his request for attorney fees and costs on appeal.

---

[16] Anderson also argues that RCW 26.23.120 cannot categorically exempt child support records from disclosure under the PRA as the superior court ruled. We note that we are not holding that RCW 26.23.120 is a categorical exemption, but rather, that RCW 26.23.120 provides an exemption to the general rule that all public records are subject to disclosure, and that RCW 26.23.120 falls within the "other statutes" exemption under RCW 42.56.070(1) of the PRA.

In addition, in his opening brief, Anderson also assigns error to the superior court's alleged refusal to acknowledge certain evidence he presented. But Anderson presents no argument related to this issue, so we do not address this assignment of error. RAP 10.3(a)(6).

No. 47660-6-II

CONCLUSION

We hold that RCW 26.23.120, which governs child support records, falls within the "other statutes" exemption under RCW 42.56.070(1) of the PRA and that RCW 26.23.120 supplements and is consistent with the PRA. We further hold that DCS properly withheld the email string because it was protected under the attorney-client privilege and is exempt from disclosure under RCW 5.60.060(2)(a). Because DCS's responses were proper under RCW 26.23.120 and DCS did not violate the PRA, there is no basis for a PRA penalty. The superior court properly granted summary judgment dismissing Anderson's PRA claim against DCS. We affirm.

SUTTON, J.

We concur:

JOHANSON, P.J.

LEE, J.

13